IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dewarren Lee Robinson, | ) | C.A. No. 4:09-70120-TLW |
| | ) | Crim. No. 4:03-1134 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

PROCEDURAL HISTORY

This matter is before the court on Petitioner Dewarren Lee Robinson's (hereinafter "Robinson" or "Petitioner" or "Defendant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As the record reflects, on December 16, 2003, a federal Grand Jury returned a six count Indictment against the defendant. (Doc. # 1). On March 2, 2004, the Government filed an Information pursuant to 21 U.S.C. § 851. (Doc. # 19). On June 1, 2004, the defendant entered into an amended written plea agreement with the government and pled guilty to Counts Four, Five and Six of the Indictment before the Court. (Docs. # 30 & # 31).

A Pre-Sentence Investigation Report calculated a guideline range of 108-135 months, based on a total offense level of 29 and a criminal history category of III (for the drug and felon in possession charges, combined). Defendant also faced a statutory sentence of 60 months consecutive as to the 18 U.S.C. § 924(c) charge. However, in light of defendant's prior felony drug offense, defendant was subject to a mandatory minimum sentence of 240 months under 21 U.S.C. §

841(b)(1)(A) as to Count 4,[1] and that sentence became the Guideline sentence under 5G1.1(b) (Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence). Additionally, defendant faced the 60 month consecutive sentence on the 924(c) count as required by statute. Prior to sentencing, the government filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. At sentencing, the Court granted the government's motion. Defendant was sentenced on October 26, 2004 to a total aggregate sentence of one hundred ninety-two months (132 months as to Count 4, 120 months as to Count 5 (to run concurrently) and 60 months consecutive as to Count 6) and 10 years of supervised release (10 years as to Count 4, 3 years as to Count 5, and 5 years as to Count 6, all such terms to run concurrently). (Doc. # 35). Judgment was entered on November 30, 2004. (Doc. # 36).

On January 30, 2009, the government filed a motion for a reduction of defendant's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. (Doc. # 39). This motion was granted by the Court on February 10, 2009 and an Amended Judgment was filed on March 16, 2009. (Doc. # 43). The Amended Judgment reflected that Defendant's previous term of imprisonment was reduced pursuant to Rule 35(b) and that defendant was now sentenced to a total aggregate sentence of one hundred forty-four months (100 months as to Counts 4 and 5, to run concurrently and 44 months consecutive as to Count 6) with all other conditions remaining as previously imposed. Id.

On April 6, 2009, defendant filed a *pro se* "Motion pursuant to 18 U.S.C. § 3582(c)(2) to modify imposed sentence based upon the retroactive application of Amendment 706-711 lowering

---

[1]Count 4 charged Defendant with Possession With Intent to Distribute 50 grams or more of Cocaine Base (Crack Cocaine and Cocaine).

the base offense level 2 points for crack cocaine offenses, under § 1B1.10 and Amendment 709 for prior Offenses of misdemeanor statute." (Doc. # 44). The government filed a response in opposition to this motion on June 18, 2008. (Doc. # 48). On July 15, 2009, this Court entered an Order denying petitioner's motion, concluding that defendant did not qualify for any reduction as the mandatory minimum sentence exceeded the guideline range. (Doc. # 49).

Subsequently, on November 17, 2009, petitioner filed the instant § 2255 motion. (Doc. # 51). On January 19, 2010, Petitioner filed a pro se motion for summary judgment. (Doc. # 57). On this same date, the government filed a response in opposition and motion for summary judgment. (Docs. # 55 & # 56). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed January 22, 2010, that he had thirty-four days to file any material in opposition to the motion for summary judgment. (Doc. # 58). Petitioner filed a response on February 5, 2010. (Doc. # 60). Accordingly, it appears that this matter is now ripe for disposition.

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)(quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

### SUMMARY JUDGMENT STANDARD

The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate

4

time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since

a complete failure of proof concerning an essential element of the non-moving party's case

necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter

of law" because the non-moving party has failed to make a sufficient showing on an essential

element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23

(1986).

## DISCUSSION

Petitioner has filed this action making the following claims in his petition (set forth

verbatim):

1.    District Court erred by not reducing my sentence two levels under amendment 706-
      713.  Amendment 706 to the United States Sentencing Guidelines which was
      effective November 1, 2007 and deemed retroactive March 3, 2008.  The District
      Court failed to reduce my sentence under 1B1.10 by simply stating that I do not
      qualify because the mandatory minimum exceeds my guideline range.  I was able to
      present rebuthal [sic] evidence, and my sentence was a special type of sentence, The
      District Court failed to consider 3553(a).

2.    District Court erred by not sentencing me to the new 1:1 ratio.  Citing United States
      v. Gulley, 2009, United States v. Rodriquez 2009 and United States v. Lewis, 2009,
      District Court erred by refusing to grant me permission to rebut and to present new
      evidence, why I should receive a two-level reduction for a crack cocain [sic] offense,
      and if the District Court would have considered 3553(a) factors, the District Court
      should have modified my sentence to reflect a 1 to 1 sentencing ratio as opposed to
      my current 100 to 1 sentence for my crack cocain [sic] offense.  Therefore I have
      been denied due process.

With regards to petitioner's request for relief, the government indicates that there is no legal

authority for the Court to go below the statutory mandatory minimum in this case for any reason other

than substantial assistance. <u>United States v. Hood</u>, 556 F.3d 226 (4th Cir. 2009) (Section 3553(e) grants a court the limited authority to impose a sentence below a statutory minimum, so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person." Thus, the government asserts, section 3553(e) "allows for a departure from, not the removal of, a statutorily required minimum sentence." <u>Id</u>. at 235; <u>see also United States v. Ring</u>, 2009 WL 1668620, (4th Cir. June 16, 2009); <u>United States v. Pillow</u>, 191 F.3d 403, 407 (4th Cir.1999). For this reason, the Government asserts that petitioner's motion should be denied.

After careful review of both of petitioner's grounds for relief, this Court finds that no relief is warranted. Petitioner is not entitled to relief under 18 U.S.C. 3582 and Amendment 706 to the United States Sentencing Guidelines, as the mandatory minimum sentence exceeded the guideline range. <u>See</u> <u>United States v. Hood</u>, 556 F.3d 226 (4th Cir. 2009). As outlined previously, defendant's guideline range was calculated to be 108-135 months, based on a total offense level of 29 and a criminal history category of III (for the drug and felon in possession charges, combined). However, in light of defendant's prior felony drug offense, defendant was subject to a mandatory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A) as to Count 4, and that sentence became the Guideline sentence under 5G1.1(b). Additionally, as to Petitioner's 1:1 ratio argument, the Court notes that the mandatory minimum penalties set forth in 21 U.S.C. 841 are statutorily dictated mandatory minium penalties, which can only be changed by Congress. <u>See United States v. Roy</u>, 2010 WL 391825 (W.D. Va.); <u>United States v. Ray</u>, 317 Fed Appx. 346 (4th Cir. 2009).

CONCLUSION

After careful review and consideration, and for the reasons cited above, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**; Respondent's motion for summary judgment

is **GRANTED** (Doc. # 56); Petitioner's motion for summary judgment is **DENIED** (Doc. # 57); and

this matter is **DISMISSED**, with prejudice.

      **IT IS SO ORDERED.**

s/ Terry L.  Wooten<br>
**TERRY L. WOOTEN**<br>
**UNITED STATES DISTRICT COURT JUDGE**

March 30, 2010<br>
Florence, South Carolina